Per Curiam.

Petitioner as his first ground for release argues that he was convicted upon evidence obtained by illegal search and seizure. Prom the evidence introduced at the hear *434 ing, it appears that federal officers, suspecting narcotics were being sold, gave money to an individual who went to petitioner’s apartment and purchased marijuana cigarettes. The agents had listed the serial numbers of the money. When the informer came out of the building, he turned the cigarettes over to the agents and they in company with city detectives went to petitioner’s apartment. They were admitted by him and searched the apartment and found no narcotics but did find part of the marked money in petitioner’s clothes. Upon this evidence, petitioner was prosecuted under the state law.
It is only evidence that is obtained by an illegal search that is inadmissible under the Fourth Amendment to the Constitution of the United States. In the present situation, the officers had good cause to believe that a felony had been committed. The search was pursuant to a lawful arrest. It has long been held that a search pursuant to a lawful arrest is reasonable, and evidence obtained thereby is admissible. Harris v. United States, 331 U. S., 145; and Draper v. United States, 358 U. S., 307.
However, even if the evidence had been illegally obtained, it would not void petitioner’s conviction. At the time of petitioner’s trial in 1956, illegally obtained evidence was admissible in Ohio. The subsequent decision of Mapp v. Ohio, 367 U. S., 643, does not affect petitioner’s conviction. Spence v. Sacks, Warden, 173 Ohio St., 419; and Villasino v. Maxwell, Warden, 174 Ohio St., 483.
Next, petitioner contends that his conviction was void because he was not confronted by the informer at his trial. There is no evidence as to this fact. However, this is not a ground for relief by habeas corpus, as questions of evidence must be raised by appeal. Spence v. Sachs, Warden, supra.
Petitioner urges that federal officers arrested him, and that he should have been prosecuted by the federal government.
The crime involved here is a crime under both state and federal laws. Where one has committed an offense which violates the laws of two sovereigns, it is not up to him to choose which of the two shall prosecute him. This lies completely within the discretion of the sovereigns.
Finally, he urges that a federal tax lien has been imposed *435 on him for the possession of the marijuana. This has no bearing on his present incarceration and is not cognizable in a habeas corpus proceeding.

Petitioner remanded, to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.